UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Atara Stawis, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br><br>-v.-<br><br><br>Law Office of Jeffrey G. Lerman, P.C.,<br><br>Defendant(s). | Civil Action No: 2:21-cv-6501<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Atara Stawis (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Law Office of Jeffrey G. Lerman, P.C., (hereinafter referred to as "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective

1

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "[e]nsure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Nassau.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) with an address of 170 Old Country Road, Suite 600, Mineola New York 11501.

9. Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals with addresses in the State of New York;

    b. to whom Defendant sent a collection letter attempting to collect a consumer debt;

    c. in which the collection letter threatens litigation;

    d. yet the Defendant did not bring litigation subsequent to the stated deadline;

    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. §§ 1692d, l692e and 1692f.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A violates 15 U.S.C. §§ 1692d, l692e and 1692f.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20.    Some time prior to October 26, 2021, an obligation was allegedly created to the original creditor, Trustees of Columbia University in the City of New York (hereinafter referred to as "Trustees").

21.    Upon information and belief, Trustees contracted with Defendant for purposes of collecting the subject debt from Plaintiff.

22.    The original subject obligation arose out of medical services allegedly received by Plaintiff. The subject debt was allegedly incurred by Plaintiff solely for personal, household, or family purposes, specifically medical treatment.

23.    The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

24.    The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

25.    Defendant was contracted by the original creditor for the purpose of debt collection. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

*Violation – October 26, 2021 Collection Letter*

26.    On or about October 26, 2021, the Defendant sent the Plaintiff a collection letter regarding the alleged debt. (See "Letter" attached as Exhibit A.)

27. Plaintiff maintains that she does not owe the subject debt.

28. It is a deceptive practice to dun consumers for debts they do not owe.

29. In the body of the letter, Defendant states, "Demand is hereby made that this money be paid. Unless payment of this amount is received by the undersigned no later than November 9, 2021, a lawsuit will be brought against you in the Commercial Claims Part of the Court."

30. The letter is signed by "Jeffrey G. Lerman, Esq., Attorney for Claimant."

31. However, in contrast to the unequivocal threat posed, Defendant did not file a law suit against the Plaintiff after the November 9, 2021 deadline passed.

32. After receiving the threat on October 26, 2021, Plaintiff believed she was going to receive a lawsuit shortly after the November 9, 2021 deadline.

33. The Plaintiff has lived in fear of a lawsuit occurring for almost two months due to the threats made by Defendant.

34. It is a deceptive practice to threaten an imminent lawsuit against a consumer when there is no intention to actually bring a lawsuit imminently.

35. Defendant used threats of litigation against Plaintiff in a deceptive and harassing fashion to inflict fear upon the Plaintiff that she would be sued imminently.

36. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

37. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

38. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

39. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692d *et seq.*

40. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

41. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

42. Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

43. Accordingly, Defendant violated §1692d *et seq.* as the Letter threatens imminent litigation that it did not in fact intend to take, the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the subject debt.

44. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

45. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

47. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

48. Accordingly, Defendant violated § 1692e by:

   a. Falsely representing the character, amount, and/or legal status of the debt, in violation of §1692e(2)(A);

   b. Threatening to take legal action that was not intended to be taken, in violation of § 1692e(5); and

   c. Using a false representation and/or deceptive means to collect or attempt to collect the subject debt, in violation of § 1692e(10).

   d. Using a false, deceptive, and/or misleading representation in connection with the collection with the collection of the subject debt, in violation of § 1692e et seq.

49. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f**

50. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

51. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f

52. Pursuant to 15 U.S.C. § 1692f, debt collectors are prohibited from using unfair or unconscionable means to collect or attempt to collect any debt.

53. Defendant violated §1692f by:

   a. Attempting collection on the subject debt which was not expressly authorized by the agreement creating the debt or permitted by law, in violation of § 1692f(1)

   b. Using the unfair practice of threatening imminent legal action, when in fact there is no such intention of imminently bringing such action, in violation of § 1692f et seq.

54. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

55. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Atara Stawis, individually and on behalf of all others similarly situated, demands judgment from Defendant Law Office of Jeffrey G. Lerman, as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Christofer Merritt, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: November 22, 2021                              Respectfully Submitted,

**Stein Saks, PLLC**

/s/ Christofer Merritt
Christofer Merritt, Esq.
1 University Plaza, Suite 620
Hackensack, New Jersey 07601
Telephone: (201) 282-6500
Facsimile: (201) 282-6501
cmerritt@steinsakslegal.com

*Counsel for Plaintiff Atara Stawis*